IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Edward Jackson, | : | |
| Plaintiff | : | Civil Action 2:14-cv-0580 |
| v. | : | Judge Frost |
| Jeffery Allen, | : | Magistrate Judge Abel |
| Defendant | : | |

## Initial Screening Report and Recommendation

Plaintiff Edward Jackson, a prisoner at the Lebanon Correctional Facility, brings this civil rights action under 42 U.S.C. §1983.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See, McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  The Magistrate Judge finds that the complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure, that it "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  The Magistrate Judge finds that the complaint fails to state a claim for relief under 42 U.S.C. § 1983 and, therefore, recommends dismissal of the complaint.

The complaint alleges that plaintiff Edward Jackson has never been resentenced as ordered by the Ohio Court of Appeals. On September 28, 1988, Jackson was charged with kidnapping, rape and gross sexual imposition of Shawn Kimbrough; kidnapping, rape and gross sexual imposition of Shawn Renee Richardson; kidnapping and attempted rape of 15 year old Alicia Bohannon; felonious assault on Steven Johnson; and having a weapon while under a disability when he committed these crimes. In 1989, he was tried before a jury in the Court of Common Pleas for Franklin County, Ohio and found guilty of three counts of kidnapping, in violation of Ohio Revised Code § 2905.01, two counts of rape, in violation of Ohio Revised Code § 2907.02, one count of attempted rape, in violation of Ohio Revised Code § 2923.02, one count of gross sexual imposition, in violation of Ohio Revised Code § 2907.05, and one count of having a weapon while under disability, in violation of Ohio Revised Code § 2923.10. In addition, he was found guilty of the specifications of having a firearm on or about his person or under his control while committing these offenses, having previously been convicted of aggravated robbery, and that he did not release his kidnap victims in a safe place, unharmed.

On direct appeal, the Ohio Court of Appeals for the Tenth District affirmed the judgments of conviction, but remanded for resentencing on the attempted rape conviction and the gun specificatiosn. The trial court sentenced Jackson to not less than 12 years and up to 25 years imprisonment for the attempted rape. The Court of Appeals held that the statutory maximum sentence for that crime was 15 years. *State v. Edward Jackson*, 1990 WL 122569, *11 (Ohio Ct.App. 10th Dist. August 23, 1990). As to the

2

firearms specification, the Court of Appeals held:

> In the case at bar, this court finds that the kidnapping and rape of Renee and Shawn arose out of the same transaction. The kidnapping and attempted rape of Alicia Bohanon arose out of the result of a second transaction. The fact that appellant was also convicted of carrying a weapon while under disability is separate from the other two transactions as above outlined. Accordingly, the trial court should have imposed three consecutive three-year terms of actual incarceration on firearm specifications because the underlined offenses arose from three transactions.

*Id.*, *12.

On October 9, 1990, the trial court resentenced Jackson as required by the Court of Appeals' decision. "The only effect of the resentencing was that appellant was given three three-year terms of actual incarceration for the firearm specifications instead of the five three-year terms from the original sentencing. The trial court reimposed sent-ences adding up to an aggregate indefinite prison term of fifty-one to one hundred five years." *State v. Jackson*, 1998 WL 354023, *1 (Ohio Ct.App. 10th Dist. June 30, 1998). Plaintiff Jackson has made several attempts to have his sentence changed, but each has been rebuffed. See, *State v. Jackson*, 2001 WL 1143215 *1 (Ohio Ct.App. 10th Dist. Sept-ember 28, 2001).

Here the sole defendant named in the complaint is Jeffery Allen. However, the complaint does not explain what Allen did to deprive Jackson of a constitutional right. Nor does it state when he acted to do so.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to

3

the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed. *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis. The complaint fails to give defendant Allen fair notice of plaintiff's claim against him. Further, A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Heck v. Humphrey,* 512 U.S. 477, 787 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997). A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside. *Heck,* 512 U.S. at 487. Here plaintiff challenges the duration of his sentence. A judgment for him would necessarily undermine the Ohio courts' decision affirming his sentences, and those sentences have not been set aside. Consequently,

the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to state a claim under 42 U.S.C. §1983.  Defendant does not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel  
United States Magistrate Judge