**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

EDWARD JACKSON,

        Plaintiff,                      **Case No. 2:14-cv-580**
                                        **JUDGE GREGORY L. FROST**
     v.                                **Magistrate Judge Mark R. Abel**

JEFFREY ALLEN,

        Defendant.

**OPINION AND ORDER**

       This matter is before the Court for consideration of the Magistrate Judge's June 23, 2014

Initial Screening Report and Recommendation (ECF No. 8) and Plaintiff's July 11, 2014

objections (ECF No. 11).  When a party objects within the allotted time to a report and

recommendation, the Court "shall make a *de novo* determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1).

       Plaintiff, Edward Jackson, a prisoner at the Lebanon Correctional Facility initiated the

present action against Defendant Jeffrey Allen.  In his objections, Plaintiff argues that the

Magistrate Judge erred in concluding that the Court should dismiss Plaintiff's complaint under

28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which this Court can grant relief.

       Plaintiff did not attach to his complaint his prior court proceedings, including the decision

of the Ohio Court of Appeals for the Tenth District.  Nevertheless, the prior proceedings will be

used to supplement the sparse facts of the complaint because the prior proceedings are "integral

to the complaint [such that they] may be relied upon [despite not being] attached [to the complaint].” *Mediacom Se. LLC v. BellSouth Telecomm., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012) (internal citations omitted).  Because Plaintiff is a *pro se* prisoner, however, the complaint is to be “liberally construed,” and it “must be held to less stringent standards than formal pleadings drafted by lawyers . . . .” *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In 1989, a jury found Plaintiff guilty on “three counts of kidnapping, one count of attempted rape, one count of gross sexual imposition, and one count of having a weapon while under a disability.  [Plaintiff] was also found guilty on the firearm and prior offense-of-violence specifications.” *State v. Jackson*, No. 97APA12-1660, 1998 WL 354023, at *1 (Ohio Ct. App. June 30, 1998).  Plaintiff appealed his sentence to the Ohio Court of Appeals for the Tenth District, which, on August 23, 1990, “affirmed the trial court in substantial part and reversed only on sentencing errors affecting the firearm specifications and the attempted rape of Bohannon.” *Id*.  On October 9, 1990, the trial court then, “in accordance with [the appellate court’s] opinion, resentenced appellant.” *Id*.

In the present action, Plaintiff’s nine claims arise out of the same incident, which Plaintiff mischaracterizes as the “reversing and remanding [of his] entire sentencing package” by the Tenth District Court of Appeals.  (ECF No. 3, at Page ID # 38.)  Plaintiff first argues that Defendant violated Plaintiff’s constitutional rights through a cruel and unusual delay in sentencing.  Plaintiff’s characterization, however, misstates the actions of both the trial and appellate courts.  As explained above, the Tenth District Court of Appeals affirmed the trial court, only reversing sentencing errors in the firearm specification and attempted rape of Bohannon.  Then, on October 9, 1990, the trial court resentenced appellant pursuant to the

appellate court's instructions.  Plaintiff, contrary to his understanding, has been resentenced.

Therefore, Plaintiff's first objection, that the Magistrate Judge erred in rejecting Plaintiff's claim

for a cruel and unusual delay in resentencing, fails.

Plaintiff also argues that, pursuant to Ohio Revised Code § 2953.13, the warden should

have transferred Plaintiff to the county jail for his resentencing.  Section 1983, however, is an

inappropriate vehicle for a complaint regarding a state administrative action.  Instead, when a

prisoner challenges the "alleged unconstitutionality of [a] state administrative action," the

"exclusive remedy available" is that of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 489

(1973).  Plaintiff's second objection, therefore, also fails.

Finally, Plaintiff asserts "that he has established a 'MONELL Claim.' "  (ECF No. 11, at

Page ID # 74.)  The alleged *Monell* claim, however, was not raised in the complaint and,

therefore, cannot be raised in Plaintiff's objections.  *Travelers Prop. Cas. Co. of Am. v. Hillerich*

*& Bradsbury Co.*, 598 F.3d 257, 275 (6th Cir. 2010).  Further, Plaintiff alleges no facts that

support a *Monell* claim.  The complaint thus fails to meet the Rule 8(a) pleading standard

because it does not "give defendant fair notice of what the . . . claim is and the grounds upon

which it rests."  *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

545 (2007)).  Plaintiff's *Monell* claim, therefore, also fails.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 11),

**ADOPTS** and **AFFIRMS** the Initial Screening Report and Recommendation (ECF No. 8), and

**ORDERS** that judgment be entered in favor of Defendant.  The Clerk shall enter judgment

accordingly and terminate this action on the docket records of the United States District Court

for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

 /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE